IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| TOMMY COLLIER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 5:09cv62 |
| WARDEN HUDSON, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Tommy Collier, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Collier asserted that he was stabbed 16 times by an inmate named Hawkins and that he, Collier, almost died as a result of delays in obtaining medical care, which delays he blamed on the Defendants in this case, Dr. Reginald Stanley and Warden Hudson. The Magistrate Judge ordered the Defendants to answer the lawsuit, which was done, and the Defendants filed a motion for summary judgment. This motion alleged that Warden Hudson had no involvement in the facts forming the basis of the claim, and that Dr. Stanley had no involvement in Collier's transportation to the hospital beyond the fact that the unit nurse called him about Collier's injury and he, Dr. Stanley, ordered that Collier be sent to the local free-world hospital. Dr. Stanley noted that he was not at the Telford Unit when the incident occurred and that he did not see Collier personally, nor did he have any role in the events which transpired after ordering that Collier be sent to the hospital.

The Magistrate Judge reviewed the competent summary judgment evidence and determined that this evidence showed that the personnel at the clinic were not deliberately indifferent to Collier

1

but in fact were quite attentive to him. He arrived at the clinic at 7:25 p.m. and an examination showed 16 puncture wounds. Dr. Stanley was notified at 7:40 p.m. and gave orders that Collier be sent to Wadley Regional Hospital. Security was notified of these orders and began preparing a van for transport. Collier was placed in an observation cell, and the hospital was notified at 8:00 p.m. that he was coming. At 8:25 p.m., Collier's vital signs were checked, and he said that it hurt if he took a deep breath, but he could talk normally without gasping for air. At 8:45, Collier was checked again with no changes in his previous assessment. At 9:15 p.m., the transport van was ready, and Collier was taken to the van for transport to the hospital.

Although Collier points to a photograph which showed him being placed on the van at 9:33 p.m., the Magistrate Judge concluded that this was not inconsistent with the medical records, which showed him leaving the clinic at 9:15 p.m.; the Magistrate Judge stated that a certain amount of time was necessary to take Collier from the clinic to the spot where he actually boarded the van. The Magistrate Judge concluded that there was no evidence that either Dr. Stanley or Warden Hudson had acted with deliberate indifference, and that these officials were entitled to the defense of qualified immunity. The Magistrate Judge therefore recommended that the motion for summary judgment be granted and that the lawsuit be dismissed with prejudice.

Collier received a copy of the Report of the Magistrate Judge on May 3, 2010, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 34) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment and supplemental motion for summary judgment (docket no.'s 29 and 31) are GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

SIGNED this 8th day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE